IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **HERBERT LEE CAMPBELL,** | ) | **CASE NO. 4:12CV3057** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **JUDGE JODI L. NELSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Plaintiff filed his Complaint in this matter on March 28, 2012. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 8.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I.  SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on March 28, 2012, against Nebraska District Court Judge Jodi L. Nelson ("Judge Nelson"). (Filing No. 1 at CM/ECF pp. 1, 7, 10.) Plaintiff is currently confined at the Tecumseh State Correctional Institution in Tecumseh, Nebraska. (*See* Docket Sheet.)

Condensed and Summarized, Plaintiff alleges that Judge Nelson is trying to "destroy" his Lancaster County, Nebraska, court case. (Filing No. 1 at CM/ECF pp. 2, 7.) Plaintiff is displeased with Judge Nelson's court orders and docket entries and asserts she is discriminating against him. (*Id*. at CM/ECF pp. 4, 6-11.) Plaintiff seeks a "writ of mandamus" because Judge Nelson is violating his Fifth, Sixth and Fourteenth Amendment rights. (*Id*. at CM/ECF pp. 2, 4-5.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 569-70 (2007)*; *see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009)*, ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985)*. However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab., 294 F.3d 1043, 1043-44 (8th Cir. 2002)*, (citations omitted).

## III. DISCUSSION OF CLAIMS

Liberally construed, Plaintiff asks this court to review his state court proceeding and reverse Judge Nelson's court orders and docket entries. (Filing No. 1 at CM/ECF pp. 4, 6-11.) However, the *Rooker-Feldman* doctrine prohibits lower federal courts from

2

exercising appellate review of state court judgments. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983). In fact, federal district courts do not have jurisdiction "over challenges to state-court decisions . . . even if those challenges allege that the state court's action was unconstitutional." *Feldman*, 460 U.S. at 486; *see also Ballinger v. Culotta*, 322 F.3d 546, 548-49 (8th Cir. 2003), (dismissing claims under *Rooker-Feldman* doctrine where the relief requested in the complaint would effectively reverse or undermine the state court decision or void its ruling and noting that "[f]ederal district courts thus may not 'exercis[e] jurisdiction over general constitutional claims that are 'inextricably intertwined' with specific claims already adjudicated in state court" (citation omitted)). Put simply, a federal district court does not possess authority in a civil rights case to review or alter final judgments of a state court judicial proceeding.

To the extent Plaintiff's state court proceeding is still ongoing, the court will abstain from exercising jurisdiction. To promote comity between state and federal judicial bodies, federal courts have developed a strong policy against exercising jurisdiction over constitutional claims for injunctive and declaratory relief when a state court proceeding has already been commenced. *See Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004). Courts use the doctrine developed in *Younger v. Harris* to carry out this policy. 401 U.S. 37 (1971). Under *Younger*, a federal court should abstain from jurisdiction "'when (1) there is an ongoing state judicial proceeding which (2) implicates important state interests, and when (3) that proceeding affords an adequate opportunity to raise the federal questions presented.'" *Norwood v. Dickey*, 409 F.3d 901, 903 (8th Cir. 2005), (quoting *Fuller v. Ulland*, 76 F.3d 957, 959 (8th Cir.1996)). Plaintiff's Complaint clearly indicates that a state

3

court proceeding has been initiated, if not completed. (Filing No. 1 at CM/ECF p. 7.) To the extent that this proceeding is still ongoing, Plaintiff has not alleged, nor demonstrated, that it will not provide him with the opportunity to raise his federal claims. In light of this, the court will dismiss Plaintiff's Complaint without prejudice. *See, e.g.,* Sanchez v. Wells Fargo Bank, 307 F. App'x 155, 158 (10th Cir. 2009), (finding plaintiff's bias allegation against a state court judge insufficient to circumvent *Younger* abstention because a state judge's actions are a matter of obvious state interest and best left, at least in the first instance, for review by the state appellate courts); *see also* Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 11 (1987), (noting that a state interest is "important" for purposes of *Younger* abstention where the "exercise of the federal judicial power would disregard the comity between the States and the National Government").

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (Filing No. 1) is dismissed without prejudice;

2. All pending Motions are denied as moot; and

3. A separate judgment will be entered in accordance with this Memorandum and Order.

DATED this 10th day of April, 2012.

BY THE COURT:

s/Laurie Smith Camp
Chief United States District Judge

---

\*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.